UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv- 20582-KMM

GEICO GENERAL INSURANCE
COMPANY, a foreign insurance company,

    Plaintiff,

v.

CARLOS LACAYO; BARRY MUKAMAL,
as court-appointed receiver for Carlos Lacayo;
and KATHLEEN KASTENHOLZ and MICHAEL
KASTENHOLZ, as co-personal representatives
of the Estate of Emerson Michael Kastenholz,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

THIS CAUSE is before the Court on Defendants Kathleen and Michael Kastenholz's Motion to Dismiss (ECF No. 8) and Defendant Barry Mukamal's Motion to Dismiss (ECF No. 10). The matter has been fully briefed. (ECF Nos. 15, 17, 18, 19). The Kastenholzes and Mukamal move to dismiss this action on the basis of abstention. For the reasons that follow, the Motions to Dismiss are GRANTED.

**I.    BACKGROUND**

This is an action for declaratory relief. Plaintiff Geico General Insurance Company ("Geico") seeks judicial determination that it is under no obligation to provide liability insurance coverage for a multi-million dollar wrongful death judgment. Compl. ¶ 1 (ECF No. 1). The Kastenholzes and Mukamal argue otherwise.

Underlying Geico's lawsuit is an automobile accident in which Carlos Lacayo struck and killed five pedestrians. Id. ¶ 18. Among the victims was Emerson Kastenholz, a twenty-four-

1

year-old college graduate with hopes of going to medical school.  Kastenholzes' Mot. to Dismiss at 1.  On March 30, 2011, Kathleen and Michael Kastenholz, the surviving parents and co-personal representatives of their son's estate, filed a wrongful death action against Carlos Lacayo, among others, in the Circuit Court of Miami-Dade County, Florida.  Compl. ¶ 21.

At the time of the accident, Lacayo was insured under a liability policy issued by Geico to Claudia Lacayo, his mother.  Id. ¶ 11.  Under the policy, Geico agreed to "pay damages which an insured becomes legally obligated to pay because of . . . bodily injury, sustained by a person . . . arising out of the ownership, maintenance or use of the owned auto or a non-owned auto."  Id.  Geico also promised to "defend any suit for damages payable under the terms of this policy."  Id.  Geico's indemnity and defense obligations were conditioned on Lacayo's cooperation and assistance in the defense of any claims under the policy.  Id.

Upon the filing of the wrongful death action, and pursuant to the policy, Geico retained the law firm of Cole, Scott & Kissane, P.A. to defend Lacayo.  Kastenholzes' Mot. to Dismiss at 2.  In July 2011, however, Lacayo fled the United States after being charged with DUI manslaughter.  Compl. ¶ 23–24.

Lacayo thereafter did not participate in the wrongful death litigation.  Id. ¶¶ 22–28.  He did not return Geico's calls.  Id. ¶ 22.  He did not appear for his deposition.  Id. ¶ 25.  He did not answer interrogatories.  Id. ¶ 26.  He did not appear for trial.  Id. ¶ 28.  Nonetheless, Geico continued to defend the lawsuit, but under a reservation of rights based on Lacayo's failure to cooperate.  In the end, a jury returned a $15,350,000 verdict for the Kastenholzes.  Compl. ¶ 28.

The Kastenholzes and Barry Mukamal then sued Geico and Cole, Scott & Kissane, P.A. in the Circuit Court of Miami-Dade County for bad faith claims handling and legal malpractice, respectively.  Id. ¶ 30.  Several months later, Geico commenced this federal declaratory action.

The Kastenholzes and Mukamal then amended the state court complaint to include a claim for declaratory relief.  In addition to damages for bad faith claims handling and legal malpractice, the amended complaint asks for a declaration that the wrongful death judgment is covered under the policy, despite Lacayo's noncooperation.  Kastenholzes' Mot. to Dismiss at 6.

As of the date of this order, the state court has made substantive rulings on the coverage issue.  It has found that Geico violated Florida's Claims Administration Statute, Fla. Stat. § 627.426, which sets forth specific procedures a liability insurer must follow before denying coverage.  Kastenholzes' Suppl. Mot. for Leave to File Additional Docs. at 3 (ECF No. 27).  The coverage issue appears close to full resolution before the state court.

The Kastenholzes and Mukamal now ask the Court to decline jurisdiction over this case given the overlap of issues between the two proceedings and the advanced posture of the state court litigation.

## II.     DISCUSSION

The Kastenholzes and Mukamal seek dismissal of Geico's declaratory judgment action based on the federal doctrine of abstention.  Citing principles of comity and judicial economy, they urge the Court to decline jurisdiction over this case in light of the pre-existing, parallel state court matter, which involves adjudication of substantially the same state law issues by substantially the same parties.  Geico, on the other hand, counters that abstention is not appropriate.  After careful consideration, the Court finds that abstention is warranted in this case.

### A.     Applicable Law

A district court has wide discretion in determining whether to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.  See Wilton v. Seven Falls Co., 515 U.S. 277, 289–90 (1995).  The Act gives federal courts the power to make a declaration of rights, but it does not compel them to do so.  Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328,

1330 (11th Cir. 2005). In fact, in cases such as this, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)).

The United States Court of Appeals for the Eleventh Circuit has articulated the following factors a district court should weigh in deciding whether to accept or decline jurisdiction over a declaratory judgment case:

1. the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

2. whether the judgment in the federal declaratory action would settle the controversy;

3. whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

4. whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

5. whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

6. whether there is an alternative remedy that is better or more effective;

7. whether the underlying factual issues are important to an informed resolution of the case;

8. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

9. whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Id. at 1331. This list is "neither absolute nor is any one factor controlling," id., and a district court is under no obligation to consider every factor on the list, Bright House Networks, LLC v. Pinellas Cnty., No. 8:14-cv-1237-T-33TBM, 2014 WL 4794786, at *8 (M.D. Fla. Sept. 25,

2014); see also Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 F. App'x 813, 815 (11th Cir. 2008) (noting that the Eleventh Circuit has "upheld a district court's refusal to assert jurisdiction where the district court has considered only two of the factors"). Ultimately, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment." Ameritas, 411 F.3d at 1331.

      **B.**    **The State Wrongful Death Suit and Federal Declaratory Action are "Parallel" Proceedings**

A threshold issue the Court must consider is whether the state court wrongful death case and this federal declaratory action constitute "parallel" proceedings. As stated above, the decision to hear a declaratory judgment action in the presence of a parallel state court action is discretionary. "[S]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." Bright House Networks, LLC, 2014 WL 4794786, at *8. Here, the state court suit was filed by the Kastenholzes and Mukamal against Geico and Cole, Scott & Kissane, P.A. This federal action, meanwhile, was filed by Geico against Lacayo, the Kastenholzes, and Mukamal. Except for Lacayo and Cole, Scott & Kissane, P.A., then, the parties are the same in both proceedings. Likewise, the state court action seeks a declaration that Geico is obligated to indemnify Lacayo, while this action seeks a declaration to the contrary. These are two sides of the same issue. Thus, because the state and federal actions involve substantially the same parties litigating substantially the same issues, they are parallel proceedings.

2014); see also Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 F. App'x 813, 815 (11th Cir. 2008) (noting that the Eleventh Circuit has "upheld a district court's refusal to assert jurisdiction where the district court has considered only two of the factors"). Ultimately, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment." Ameritas, 411 F.3d at 1331.

    **B.**    **The State Wrongful Death Suit and Federal Declaratory Action are "Parallel" Proceedings**

A threshold issue the Court must consider is whether the state court wrongful death case and this federal declaratory action constitute "parallel" proceedings. As stated above, the decision to hear a declaratory judgment action in the presence of a parallel state court action is discretionary. "[S]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." Bright House Networks, LLC, 2014 WL 4794786, at *8. Here, the state court suit was filed by the Kastenholzes and Mukamal against Geico and Cole, Scott & Kissane, P.A. This federal action, meanwhile, was filed by Geico against Lacayo, the Kastenholzes, and Mukamal. Except for Lacayo and Cole, Scott & Kissane, P.A., then, the parties are the same in both proceedings. Likewise, the state court action seeks a declaration that Geico is obligated to indemnify Lacayo, while this action seeks a declaration to the contrary. These are two sides of the same issue. Thus, because the state and federal actions involve substantially the same parties litigating substantially the same issues, they are parallel proceedings.

### C. Abstention Is Warranted Under Ameritas

The Court next considers whether the factors set forth in Ameritas favor abstention.

The first, fifth, and ninth Ameritas factors, which touch on concerns of comity, weigh heavily in favor of abstention. Florida law, not federal law, governs the substantive issues presented in this case, giving Florida a strong interest in having the controversy decided in state court. See Bright House Networks, 2014 WL 4794786, at *12. Indeed, there is no substantive federal nexus to this cause of action—Geico's claim presents only state law issues, and its public policy implications affect only Florida insurance contracts. Given Florida's strong interest in this case and its marginal significance elsewhere, federal jurisdiction over this action would only encroach on the province of the state court. Resolution by a state trial court, with review by a state appellate court, is therefore preferable.

The second Ameritas factor also favors abstention. Besides the coverage claim, the state court action includes bad faith claims handling and legal malpractice claims, while this action addresses only the coverage issue. So, regardless of the outcome of this case, the parties will still have to litigate in state court. No judgment in this federal declaratory action would settle the entire controversy.

The third Ameritas factor, too, urges abstention. While Geico's declaratory action could potentially resolve the issue of insurance coverage, the inefficiencies and judicial burden caused by the remaining state court claims would greatly outweigh any useful purpose in such resolution. This is especially so given the advanced posture of the state court litigation.

The sixth factor articulated in Ameritas likewise supports abstention. The state court can provide an alternative remedy that is better and more effective: it can dispose of the entire controversy at once. Adjudication of multiple claims by a single court is no doubt better and more effective.

Lastly, the seventh and eighth Ameritas factors, which go to the importance of the underlying factual issues to the resolution of the case and the court best positioned to evaluate them, require deference to the state court. Geico's coverage defense is based on Lacayo's failure to cooperate in the wrongful death suit; the Kastenholzes and Mukamal's claim is based on Geico's alleged waiver of any coverage defense. The parties' positions are thus based on the underlying wrongful death suit. Add the fact that the underlying litigation was in state court for three years and it is clear the state court is best positioned to address the underlying factual issues. Because the underlying factual issues are important to an informed resolution of the dispute, and the state court is in a better position to evaluate those issues, abstention is appropriate.

Other than its attempt to differentiate the two proceedings, Geico's main argument against abstention relies on the first-filed rule, which urges courts hearing overlapping cases to defer to that which was first filed. Geico maintains that abstention is inappropriate because this action is the first to raise the issue of coverage.

But it is unclear whether the first-filed rule even applies. It is unsettled in the Eleventh Circuit whether the rule applies only to competing claims filed in separate federal courts or whether it also extends to competing claims filed in federal and state courts. See Sini v. Citibank, N.A., 990 F. Supp. 2d 1370, 1375 (S.D. Fla. 2014). If anything, based on the Court's review of the relevant case law, the weight of authority seems to restrict the rule to competing federal court claims. See id. The Court thus rejects Geico's reliance on the first-filed rule to defeat abstention.

### III.  CONCLUSION

Considerations of federalism, comity, and efficiency call for abstention. Florida has a strong interest in the outcome of this case, as state law governs the substantive issues presented,

with public policy concerns bearing directly on state insurance contracts. State court is also the most efficient forum to adjudicate the parties' rights and obligations. While the state court could dispose of the entire controversy, any decision by this Court would leave unresolved the bad faith claims handling and malpractice claims. Such a piecemeal approach would be inefficient. The Court therefore exercises its discretion under the Declaratory Judgment Act and abstains from hearing this action.

Accordingly, Defendants' Motions to Dismiss (ECF Nos. 8, 10) are GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

The Clerk of Court is instructed to CLOSE THIS CASE. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of July, 2015.

                                              K. MICHAEL MOORE
                                              CHIEF UNITED STATES DISTRICT JUDGE

cc:   All counsel of record